8046. CHAPMAN & COMPANY *v.* MARSHALL BROTHERS.

The provision in the contract between the plaintiffs and the defendants, under which lumber was shipped to third persons on orders from the plaintiffs, that "all shipments are made subject to inspection at destination, unless specifically specified to the contrary, and with the understanding that report as rendered by consignee shall be accepted as original evidence of such inspection," did not render such reports exclusive evidence, or conclusive as to the matter to which they related.

DECIDED JUNE 14, 1917.

Complaint; from Crawford superior court—Judge Mathews. May 20, 1916.

*West & Dasher,* for plaintiffs.

*Feagin & Hancock,* for defendants.

BLOODWORTH, J. Marshall Brothers were sawmill men, and H. D. Chapman & Co. were brokers. The latter placed a number of orders for lumber with the former, the lumber to be shipped by the sawmill men to certain third parties as per directions of the brokers. Chapman & Co. and Marshall Brothers signed with each order an agreement, a portion of which was as follows: "All shipments are made subject to inspection at destination, unless specifically specified to the contrary, and with the understanding that report as rendered by consignee shall be accepted as original evidence of such inspection." Chapman & Co. paid Marshall Brothers for each shipment of lumber as per invoice furnished by the latter. In several instances the consignees made claims on Chapman & Co. for shortage in measurement and reduction in grade, and it was upon an itemized statement of this account that suit was brought. The trial resulted in a verdict for the defendants. The plaintiffs made a motion for a new trial, which was overruled, and they excepted.

On the trial the plaintiffs insisted that under the contract the reports of the consignees as to the lumber "should be considered original evidence, and it is not competent for [the shippers] to contradict the original report of the consignee, because it was original evidence and the only evidence;" and in their motion for a new trial they contend that the court erred in admitting testimony contradicting such reports, and erred in the charge to the jury as to the effects of this provision of the contract. We can not agree with this contention. The court charged the jury in reference to this part of the contract as follows: "Of course you will look at .

all these papers with care, and note the original agreement upon which each of these cars were shipped, that the original report from the consignee (that is, the person to whom the lumber was shipped) would be accepted as original evidence as though it was sworn to. It does not mean it is conclusive evidence, but it shall be considered here as though sworn to. It means the inspection made by the consignee at destination where the lumber was unloaded." We think the court was as liberal with the plaintiffs as the contract would allow. We agree with the judge that the reports referred to might be treated as "original" evidence, but, under a proper construction of the contract, they could not be held to be exclusive evidence. Therefore we think no error was committed by the judge in his charge or in the admission of evidence, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*